UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN JULIAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

        Plaintiff,

-against-

ONLY WHAT YOU NEED, INC.,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/2025

No. 23-CV-9522 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Before the Court is Plaintiff Kevin Julian's ("Plaintiff") motion for leave to file an amended complaint. (ECF No. 30.) Plaintiff, individually and on behalf of other individuals similarly situated, commenced the instant action in his Complaint (the "Complaint") filed on October 30, 2023, alleging Only What You Need, Inc., ("Defendant") violated New York General Business Law §§ 349 and 350, as well as bringing claims for breach of express warranty, breach of implied warranty of merchantability and unjust enrichment. (ECF No. 1.) On September 3, 2024, Plaintiff filed a motion to amend his complaint, which included a proposed amended complaint. ("Mot.") (ECF Nos. 30 and 31.) Defendant subsequently opposed Plaintiff's motion to amend. ("Opp.") (ECF No. 34.) On June 10, 2024, Plaintiff submitted a letter motion requesting a pre-motion conference to seek leave from the Court to file the instant motion. ("Reply") (ECF No. 20.) Having followed the proper procedures, Plaintiff filed the instant motion and now seeks leave from the Court to file an Amended Complaint. (ECF No. 30.)

Federal Rule of Civil Procedure 15 governs amendments to pleadings, providing for one amendment as a matter of course but requiring further amendments be conditioned on either "the

1

opposing party's written consent or the court's leave"—the latter of which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). This is a "lenient standard." *Scalia v. Sarene Servs., Inc.*, 2024 WL 3424722 (E.D.N.Y. July 15, 2024). Fed. R. Civ. P. 15(a)(2). "Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448 (S.D.N.Y. 2016).

Where a "significant period of time has passed prior to filing a motion to amend . . . the moving party must provide an explanation for the delay." *Agerbrink*, 155 F. Supp. 3d 448, 453. Plaintiff's explanation is not persuasive; in attempting to explain his nine-month delay, Plaintiff asserts there was "no scheduling order setting a date after which no amendment will be permitted was issued in this action." (Mot., p. 2.) This is unavailing, as the Federal Rules of Civil Procedure already construct a timeline for which a party may amend its pleading. Specifically, a party "may amend its pleadings once as a matter of course no later than 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). After 21 days "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Thus, while there might not have been a scheduling order, the issue remains that Plaintiff did not seek to amend the Complaint within 21 days of serving his initial complaint. In the absence of any other justification for Plaintiff's delay, the Court must conclude that there was undue delay in Plaintiff seeking leave to amend the Complaint.

The Court's inquiry, however, does not end at the question of whether there was undue delay; this, without more, cannot justify denying Plaintiff leave to amend his pleadings. The Second Circuit has stressed that "[m]ere delay, absent a showing of bad faith or undue prejudice,

2

does not provide a basis for the district court to deny the right to amend." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Here, Defendant has not attempted to argue that Plaintiff's delay in seeking to amend the Complaint was motivated by bad faith. (*See generally* Opp.) Moreover, Defendant will not be prejudiced if Plaintiff is granted leave to amend the Complaint; to the contrary, Plaintiff's proposed Amended Complaint "concedes his claims for breach of implied warranty and unjust enrichment, which relieves [Defendant] from the burden of defending those claims." (Mot., p. 4.) *cf. Ruotolo v. City of New York,* 514 F.3d 184, 192 (2d Cir. 2008) (noting that prejudice arises where an amendment "would result in new problems of proof"). Defendant, as a result, would not "experience undue difficulty in defending a lawsuit because of a change in tactics or theories on the part of the movant." *Henry v. Murphy*, 2002 WL 24307, at *2 (S.D.N.Y. Jan. 8, 2002), *aff'd*, 50 Fed.Appx. 55 (2d Cir.2002). Thus, the Court cannot find that Defendant would be unfairly prejudiced by the Court granting Plaintiff leave to amend the Complaint or that Plaintiff acted in bad faith in his delayed efforts to amend the Complaint.

Finally, the Court concludes that Plaintiff's proposed amended allegations would not be futile. "In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Dominguez v. Walsh*, 2023 WL 6199861, at *4 (S.D.N.Y. Sept. 22, 2023). The Court concludes that Defendant's arguments that Plaintiff's proposed amended allegations are futile are more appropriate for a motion to dismiss than for an opposition to Plaintiff's motion for leave to amend the Complaint. Therefore, the Court reserves its full analysis on the supposed futility of Plaintiff's proposed amended allegations for the Court's eventual opinion on Defendant's anticipated motion to dismiss what will be Plaintiff's Amended Complaint. *Id*. In this vein, the Court notes that Plaintiff's proposed

3

amended allegations appear responsive to deficiencies raised by the Defendant against the Complaint – *e.g.,* where Defendant argued that Plaintiff lacked Article III standing due to Plaintiff not suffering a concrete injury, Plaintiff in the proposed amended complaint now avers that the product he purchased from Defendant did, in fact, contain PFAs and, consequently, Plaintiff suffered an injury as needed for Article III standing. Correspondingly, the Court cannot conclude at this point that Plaintiff's proposed amended allegations are futile.

Accordingly, while there was undue delay in Plaintiff's efforts to seek leave to amend the Complaint, because Plaintiff's motion was not made in bad faith, will not prejudice Defendant, and because the proposed amended allegations are not futile, the Court must conclude that the weight of the relevant factors counsels granting Plaintiff's motion. Therefore, Plaintiff's request for leave to file an Amended Complaint is hereby GRANTED.  Plaintiff is to file an Amended Complaint by February 24, 2025.  Defendant is to answer or otherwise respond to the Amended Complaint by March 24, 2025.

Defendant's motion to dismiss is DENIED as moot without prejudice.

Attorney Joshua Arisohn's motion to withdraw as attorney is GRANTED and the Clerk of Court is kindly directed to terminate Attorney Arisohn from the instant action.

The Clerk of Court is kindly directed to terminate the motions at ECF Nos. 24, 30 and 35.


Dated:   January 23, 2025                                          SO ORDERED:
         White Plains, New York

                                                                   _____
                                                                   NELSON S. ROMÁN
                                                                   United States District Judge