# BURSOR & FISHER
P.A.

**1330 Avenue of the Americas**
**NEW YORK, NY 10019**
www.bursor.com

PHILIP L. FRAIETTA
Tel: **646.837.7150**
Fax: **212.989.9163**
pfraietta@bursor.com

March 27, 2025

*Via ECF*

The Honorable Nelson S. Román
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    Re: *Julian v. Only What You Need, Inc.*, Case No. 7:23-cv-09522-NSR

Dear Judge Román:

    I represent Plaintiff Kevin Julian ("Plaintiff") in the above-referenced action, and I write in response to Defendant Only What You Need, Inc.'s pre-motion letter filed on March 24, 2025 (the "Letter"). Dkt. 39. Plaintiff will oppose Defendant's forthcoming motion to dismiss.

    Defendant asserts that Plaintiff's First Amended Complaint ("FAC") "still fails to allege Plaintiff was misled, that the accused advertising is actionable and not puffery, that Plaintiff actually purchased any product containing PFAS, that Plaintiff is likely to suffer any injury in the future, that OWYN is in privity with Plaintiff or made any express warranty, or that Plaintiff's claims are not preempted by federal law regulating the disclosure of PFAS." Letter at 1. On the contrary, the FAC sufficiently alleges that Plaintiff and reasonable consumers would be misled by Defendant's labeling, including actionable affirmative misrepresentations (FAC ¶¶ 1, 2, 28, 52-54, 64-65, 70-71); that the product Plaintiff purchased contained PFAS (*id*. ¶ 32); and that Defendant breached an express warranty to consumers (*id*. ¶¶ 70-73).

    Moreover, Defendant's arguments concerning privity and preemption have been routinely rejected. *See, e.g.*, *Wise v. Combe Inc.*, 724 F. Supp. 3d 225, 238 (S.D.N.Y. 2024) (Halpern, J.) ("Here, where Choudhry challenges representations made on the Product labels, the exception applies and her lack of privity does not warrant dismissal of the express warranty claim under New York law."); *Hicks v. L'Oreal U.S.A., Inc.*, 2024 WL 4252498, at *14 (S.D.N.Y. Sept. 19, 2024) (Cronan, J.) (rejecting argument that plaintiffs' claims regarding the presence of PFAS were preempted, holding the claims "claims accord with federal regulations by seeking to hold L'Oréal liable for not identifying either an intentional ingredient or an incidental ingredient present in sufficient levels to require disclosure under federal law").

                              Very truly yours,

                                Philip L. Fraietta

cc: All counsel of record (via ECF)